**So Ordered.**

Dated: September 25th, 2023



Frederick P. Corbit
Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

IN AND FOR THE EASTERN DISTRICT OF WASHINGTON

| In re:<br><br>**JAMES R. and ELAINE A. MATTHEWS, husband and wife,**<br><br>Debtors. | No.: **23-00493-FPC11**<br><br>Chapter **11**<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING CONFIRMATION OF DEBTORS' FIRST AMENDED CHAPTER 11 SUBCHAPTER V PLAN OF REORGANIZATION** |
|---|---|

**THIS MATTER** came on for hearing on September 12, 2023 for confirmation of Debtors' First Amended Chapter 11 Subchapter V Plan of Reorganization filed on July 11, 2023 [ECF No. 105] (the "Plan"). Southwell & O'Rourke, P.S. appearing for Debtors. The court having reviewed the Debtors' Plan and the Declaration of James R. Matthews, and having heard the arguments of counsel, makes the following FINDINGS OF FACT AND CONCLUSIONS OF LAW,

Findings of Fact and Conclusions of Law -1

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

23-00493-FPC11    Doc 188    Filed 09/26/23    Entered 09/26/23 07:19:54    Pg 1 of 6

1. Debtors filed this Chapter 11 Subchapter V proceeding on April 25, 2023 [ECF No. 1].

2. Debtors filed their Plan on July 11, 2023 [ECF No. 105]. The Plan contains a brief history of the business operations of the Debtors, a liquidation analysis, and projections with respect to the ability of the Debtors to make Plan payments. The Plan provides for the submission of future income to the supervision and control of the trustee as is necessary for the execution of the Plan. As such, the Plan complies with 11 U.S.C. § 1190.

3. Debtors gave proper notice of their Plan and the Hearing on Confirmation of the Plan to creditors and parties in interest as required by FRBP 2002, LBR 2002-1, and LBR 3018-1, as well as other applicable provisions of the bankruptcy code and the Federal Rules of Bankruptcy Procedure by properly serving the Plan, List of Classifying Claims and Interest, Ballot, and notice. Proof of service of such was filed with the court on July 25, 23 [ECF No. 116).

4. The hearing on confirmation after notice to creditors was held on September 12, 2023.

5. The following classes of claims are impaired under the plan:

Class 2: Unsecured Taxes

Class 3: Spokane County

Class 4: Freedom Mortgage Corporation

Class 5: Toyota Motor Credit Corporation d/b/a Lexus Financial Services

Class 6: CIT Bank, N.A.

Findings of Fact and Conclusions of Law -2

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

23-00493-FPC11    Doc 188    Filed 09/26/23    Entered 09/26/23 07:19:54    Pg 2 of 6

Class 7: SOAR Behavior Services, LLC

Class 8: SOAR Behavior Services Idaho, LLC and SOAR Behavior Services Nevada, LLC

Class 9: Wage Claimants

Class 10: General Unsecured Creditors

Class 11: Equity Security Holders

6. Debtors properly filed a Ballot Summary on August 31, 2023 [ECF No. 169] (the "Ballot Summary"). The Ballot Summary indicates that all Classes voted in favor of the Plan. There were no Classes that voted against the Plan.

7. No ballots other than those identified in the Ballot Summary have been received by Debtors.

8. Any payment made or to be made by the Debtors for services or for costs and expenses in or in connection with the case, or in connection with the Plan and incident to the case, has been approved by, or is subject to the approval of, the court as reasonable. Any and all payments for professional services, including authorization required by 11 U.S.C. §327 and 330, shall remain subject to bankruptcy court approval notwithstanding confirmation of the Plan.

9. Debtors shall continue the operation of Debtors' Business, defined in Art. 9.1 of Plan, after confirmation of the Plan. The net proceeds and income from Debtor's business operations shall be used by Debtors to pay creditors as provided by the Plan.

10. The Debtors' Plan contains a Liquidation Analysis, which in a liquidation scenario, projects that all creditors shall not be paid in full. As such, the creditors who are impaired by the plan, and who did not vote for the plan, will receive not less than the amount they would receive in a liquidation, as required by 11 U.S.C. §1129(a)(7).

Findings of Fact and Conclusions of Law -3

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

23-00493-FPC11    Doc 188    Filed 09/26/23    Entered 09/26/23 07:19:54    Pg 3 of 6

11. No government regulatory commission or agency is required to approve the Plan or terms of the Plan.

12. Debtors' Plan satisfies the requirements of 11 U.S.C. §1129(a)(7) in that each holder of a claim or interest has accepted the Plan or will receive or retain under the Plan property of a value, as of the effective date of the Plan, that is not less than the amount that such holder would receive or retain if Debtor was liquidated under Chapter 7 of the Bankruptcy Code on such date.

13. No 11 U.S.C. §1111(b) elections have been made by any secured creditor.

14. With respect to the class of claims that did not vote for the Plan, the Plan does not discriminate unfairly, and is fair and equitable, with respect to such class of claims as required by 11 U.S.C. §§1129(b)(1) and 1191(b). As stated above, the Plan calls for the Debtors' payment of its disposable income to creditors over a period of 3 years. Furthermore, the Debtors have provided a Plan Budget, Monthly Operating Reports and the Declaration of Debtor James Matthews, which demonstrate the Debtors' ability to make their Plan payments.

15. Administrative priority claims described by 11 U.S.C. §503(b) and 11 U.S.C. §507(A)(2) are provided for as required by 11 U.S.C. §1129(a)(9).

16. The Plan has been accepted in writing by at least one non-insider class of impaired creditors as required by 11 U.S.C. §1129(a)(10). The provisions of Chapter 11, Title 11 of the United States Code have been complied with, and the Plan complies with all provisions of Title 11 of the United States Code as well as other applicable law.

17. Confirmation of the Plan is not likely to be followed by liquidation, or the need for further financial reorganization of Debtors.

Findings of Fact and Conclusions of Law -4

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

23-00493-FPC11    Doc 188    Filed 09/26/23    Entered 09/26/23 07:19:54    Pg 4 of 6

18. This was a voluntary Chapter 11 filing by the Debtors. As such, no fees are due to any involuntary creditors.

19. The Debtors do not owe child support or domestic support obligations.

20. The Debtors have no allowable unpaid wage claims nor claims for commissions that were directly incurred by Debtors.

21. The Debtors do not owe claims for non-payment to any employee benefit plan.

22. The Debtors do not operate a grain storage facility.

23. The Debtors do not owe a debt to fishermen.

24. There are no claims made by any creditors for pre-petition deposits for purchase or lease of products for any creditor's personal family or household use.

25. The Debtors do not owe the bankruptcy court for any fees.

26. Debtors are not paying retiree benefits; therefore, no retiree benefits will be affected by the Plan.

27. Debtors' Plan should be confirmed. The provisions of Chapter 11 have been complied with, and the Plan has been proposed in good faith and not by any means forbidden by law.

28. The requirements for confirmation of the Plan imposed by the Bankruptcy Code, Federal Rules of Bankruptcy Procedure and other applicable law, including the requirements of 11 U.S.C. § 1129, have been met.

29. The effective date of the Plan will be the first business day following the date on which the confirmation becomes a final non-appealable order. Debtors are authorized and directed to begin consummation of the Plan on the effective date.

30. The Plan is confirmed with the following changes:

Findings of Fact and Conclusions of Law -5

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

23-00493-FPC11    Doc 188    Filed 09/26/23    Entered 09/26/23 07:19:54    Pg 5 of 6

a. Notwithstanding any provision of Plan, Debtors shall cure the pre-petition arrears to Freedom Mortgage Corporation ("Freedom") on or before September 12, 2023 and the creditor rights of Freedom shall remain entirely unaltered under the plan, and Freedom shall not be required to issue any plan notice of default in the event of default but may proceed with its remedies under its note, security instrument, and applicable non-bankruptcy law.

b. The Plan shall be revised/corrected. At page 26, beginning at line 6, the words, "to the extent Class 8 has disposable income" is deleted and in its place the following shall be inserted, "shall be paid in part from the disposable income of Class 8."

c. The seventeen (17) contracts listed on Exhibit 1 to Stipulation between Debtors and Class 6 [ECF 159] are hereby assumed.

d. The claim of State of Washington, Department of Labor & Industries, Claim No. 2, is allowed and shall be paid per the terms of the Plan.

///END OF ORDER///

PRESENTED BY:

SOUTHWELL & O'ROURKE, P.S.


BY: /s/ Dan O'Rourke
    DAN O'ROURKE, WSBA #4911
    Attorney for Debtors

Findings of Fact and Conclusions of Law -6

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

23-00493-FPC11   Doc 188   Filed 09/26/23   Entered 09/26/23 07:19:54   Pg 6 of 6